ams

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WILLIAM C. YOUNG, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NATE BARNES, and UNIFIED )<br>GOVERNMENT OF KANSAS CITY, KANSAS/)<br>WYANDOTTE COUNTY, )<br>)<br>Defendants. )<br>_____) | Case No. 11-2054-JAR/JPO |

**MEMORANDUM AND ORDER**

This civil rights lawsuit was filed *pro se* and *in forma pauperis* by William C. Young pursuant to 42 U.S.C. § 1983. Plaintiff has filed two motions for temporary restraining order (Docs. 6, 8). These motions allege that defendant Unified Government of Kansas City, Kansas and Wyandotte County ("Unified Government") coerced non-party Juanda Henderson to destroy or conceal a letter from the Bureau of Indian Affairs, addressed to non-party Priscilla Young, stating that she is Native American and, thus, "exempt from eminent domain." Plaintiff further claims that the Unified Government coerced Henderson to destroy historical printing equipment and other artifacts. Plaintiff asks for an "Order of Protection" to protect historical printing presses, the BIA letter, and other artifacts until they can be moved to three different addresses in Missouri to be displayed for the public. At the time these motions were filed, summons had not yet issued to defendants and there is no certificate of service attached to either motion.

Under Fed. R. Civ. P. 65(b)(1), the Court may issue a temporary restraining order without written or oral notice to the adverse party under the following circumstances:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

To obtain a temporary restraining order or a preliminary injunction, the moving party must show a clear and unequivocal right to relief.[1] The moving party must establish the following elements to obtain relief:

> (1) a substantial likelihood of success on the merits; (2) a showing of irreparable injury unless the injunction issues; (3) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) a showing that the injunction, if issued, would not be adverse to the public interest.[2]

In cases where the movant has prevailed on the other factors, the Tenth Circuit generally uses a liberal standard for "probability of success on the merits," so the moving party need only raise "questions going to the merits so serious, substantial, difficult and doubtful as to make them a fair ground for litigation and thus for more deliberate investigation."[3]

There are three types of injunctions that are disfavored in the Tenth Circuit, and thus, are subjected to a heightened burden. Those injunctions are: (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits.[4] If an

---

[1] *SCFC ILC, Inc., v. Visa USA*, 936 F.2d 1096, 1098 (10th Cir. 1991).

[2] *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

[3] *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir.1980) (internal quotations omitted).

[4] *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004) (per curiam), *aff'd*, 126 S. Ct. 1211 (2006); *see also Schrier*, 427 F.3d at 1258–59.

injunction falls into one of these categories, it "must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course.

Plaintiff has not proffered any argument or evidence that he is substantially likely to succeed on his claims. Moreover, plaintiff has not alleged, much less shown, that he will be immediately, irreparably harmed by denial of his request for a temporary restraining order. Importantly, plaintiff has not shown that the harm to him if an injunction to not issue outweighs any harm to the plaintiffs in being enjoined. Plaintiff's motions are denied.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's motions for temporary restraining order (Docs. 6, 8) are **denied**.

**IT IS SO ORDERED.**

**Dated: March 15, 2011**

 S/ Julie A. Robinson
**JULIE A. ROBINSON**
**UNITED STATES DISTRICT JUDGE**